Milne Travel Agency, Inc. v Altour Del., LLC (2026 NY Slip Op 00426)

Milne Travel Agency, Inc. v Altour Del., LLC

2026 NY Slip Op 00426

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill-Levy, JJ. 

Index No. 654380/24 |Appeal No. 5702|Case No. 2025-04313|

[*1]Milne Travel Agency, Inc., et al., Plaintiffs-Appellants,
vAltour Delaware, LLC as Successor to Altour International, Inc., et al., Defendants-Respondents.

Davis Wright Tremaine LLP, New York (Cameron Matheson of counsel), for appellants.
Sheppard Mullin Richter & Hampton LLP, New York (Joshua I. Schlenger of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about June 27, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff Scott Milne's claim for fraud, unanimously affirmed, without costs.
Milne's fraud claim was untimely under the two-year fraud discovery rule (CPLR 213[8]). The complaint and documentary evidence, specifically a December 2017 email from Milne forwarding the draft demand letter of his counsel, show that Milne had knowledge of facts that would have led to discovery of the alleged fraud if he had acted with reasonable diligence (see Harbinger Capital Partners II, LP v Apollo Global Mgt., LLC, 236 AD3d 514, 514-515 [1st Dept 2025]). It is undisputed that Milne is an experienced businessperson who was represented by counsel when he discovered in 2017 that a transaction involving defendant ALTOUR Delaware, LLC had occurred. He or his counsel could have, acting with reasonable diligence, discovered the details of the transaction by December 2017, and whether defendants were misrepresenting the nature of that transaction.
For the same reasons, the pleadings, when considered in conjunction with the undisputed documentary evidence, do not state a claim for fraud because Milne has not stated facts showing justifiable reliance on defendants' alleged misrepresentations (see Shalam v KPMG LLP, 89 AD3d 155, 157 [1st Dept 2011]).
Milne's claim of fraud is also duplicative of plaintiff Milne Travel Agency, Inc.'s breach of contract claims (see MBIA Insurance Corp. v Credit Suisse Sec. [USA] LLC, 165 AD3d 108, 114 [1st Dept 2018]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026